## James C. Shreffler, Appellee, v. Cora Fuller, Appellant.

### Gen. No. 6,469.   (Not to be reported in full.)

Appeal from the Circuit Court of Kankakee county; the Hon. AR-
THUR W. DESELM, Judge, presiding.   Heard in this court at the
April term, 1917.   Affirmed.   Opinion filed February 12, 1918.

### Statement of the Case.

Action by James C. Shreffler, plaintiff, against Cora
Fuller, defendant, to recover for labor in clearing
some wood land and working the logs into lumber.
From a judgment for plaintiff for $486.95, including
interest after date of verdict for $475, defendant ap-
peals.

FRANK J. BURNS and JAMES T. BURNS, for appellant.

C. M. CLAY BUNTAIN, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion
of the court.

### Abstract of the Decision.

1.  APPEAL AND ERROR, § 864*—*what is duty of appellant as to
filing abstract.*   It is the duty of an appellant to file an abstract
showing the matters on which he relies for a reversal of the judg-
ment.

2.  APPEAL AND ERROR, § 894*—*what is right of appellee as to
filing additional abstract.*   The appellee has the right to file an ad-
ditional abstract, but is under no duty to make it full and com-
plete.

3.  APPEAL AND ERROR, § 864*—*when record will not be examined.*
A reviewing court will not examine the record to find grounds for
reversing, but may do so to find reasons for affirming a judgment.

4.  CONTINUANCE, § 7*—*when denial of motion for is proper.*   The
denial of motion for a continuance in the middle of a trial solely
on the ground of filing of additional counts which did not enlarge

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Shreffler v. Fuller, 208 Ill. App. 630.

the bill of particulars and contained nothing to surprise the defendant or require continuance, was not erroneous.

5. APPEAL AND ERROR, § 1489*—*when error in admission of evidence is harmless.* The testimony of a witness to the result of a measurement of lumber, that he evidently only knew as he was told by the party measuring it in his presence, was incompetent, but its admission not harmful where there was other competent uncontradicted evidence of the same measurement.

6. APPEAL AND ERROR, § 1466*—*when admission of bill of particulars in evidence is harmless error.* The admission in evidence of plaintiff's bill of particulars, over objection, was not reversible error where there was no reason to suppose it was considered or used by the jury as substantive evidence.

7. TRIAL, § 233*—*when bill of particulars is properly sent to jury room.* The bill of particulars was properly sent to the jury room as part of the pleadings to be used by them in considering and discussing the items of the plaintiff's claim, although it had been erroneously admitted in evidence, in an action of assumpsit to recover for labor performed.

8. TRIAL, § 272*—*when requested interrogatory is properly refused.* An interrogatory to be answered by the jury, but not presented until after argument, is properly refused.

9. TRIAL, § 270*—*when special interrogatories are properly refused as a whole.* Special interrogatories submitted to be answered by the jury and returned with their general verdict, *held* properly refused, considered as a whole, where they were directed to the several different items of plaintiff's claim, seeking a finding upon each, and not to a controlling fact in the case as a whole, under the second clause of section 79 of the Practice Act (J. & A. ¶ 8616), providing that the jury may find specially upon questions of fact along with their general verdict.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.